# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**JDAI ZAMIR LEWIS**                                             **CIVIL ACTION NO.**

**VERSUS**

                                                                **24-322-JWD-EWD**

**LVNV FUNDING, LLC**

## <u>RULING AND ORDER</u>

Before the Court is the Motion for a More Definite Statement ("Motion"), filed by Defendant LVNV Funding, L.L.C. ("LVNV").[1] Plaintiff JDai Zamir Lewis ("Lewis") has not timely opposed the Motion.[2] Because Lewis's Complaint is so vague that LVNV cannot reasonably prepare a response, the Motion will be granted. Lewis will be ordered to file a comprehensive, amended Complaint that provides adequate details about his claims.

## I. BACKGROUND

On February 28, 2024, Lewis, who is representing himself (pro se), filed a Statement of Claim and Citation in the Baton Rouge City Court, Small Claims Division, against LVNV. The section in the Statement of Claim that instructs Lewis to state his claims appears to contain handwriting but is unreadable.[3] However, according to LVNV, Lewis attached to the Statement of Claim seventeen pages of typed documents and letters, portions of which allege that LVNV violated the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA") in connection with some type of debt for which Lewis disclaims liability.[4] LVNV removed the case

---

[1] R. Doc. 4. The Ruling and Order references to documents in the record of this case as "R. Doc. ___." A motion for more definite statement is a non-dispositive matter that a magistrate judge may rule on directly. Such motions are not among the motions excluded from direct ruling by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). *See e.g., Simoneaux v. Jolen Operating Co.,* No. 04-2467, 2004 WL 2988506, at *1 (E.D. La. Dec. 15, 2004), report and recommendation adopted, No. 04-2467, 2005 WL 8174030 (E.D. La. Jan. 4, 2005) (direct ruling by magistrate judge on motions for more definite statement); *Reedom v. Jones,* No. 10-375, 2010 WL 4875636, at *2 (E.D. La. Nov. 22, 2010) (same).

[2] Under Local Civil Rule 7(f), any opposition memorandum was due no later than twenty-one (21) days after service of the Motion. The Certificate of Service for the Motion states that it was served on all unrepresented parties (here, Lewis) by U.S. Mail on April 30, 2024. R. Doc. 4, p. 2.

[3] R. Doc. 1-1, p. 4.

[4] R. Doc. 4-1, p. 2 and *see* R. Doc. 1-1, pp. 8-25, which is comprised of 18 pages, consisting of a 10 page February 15, 2023 letter titled "Debt Validation" directed to LVNV, a 3-page "Cease and Desist Notice," and an undated 5-

to this Court on the basis of federal question jurisdiction, and then filed the Motion.[5]  Lewis has not

timely opposed the Motion.

## II.    LAW AND ANALYSIS

### A.  Legal Standard on Fed. R. Civ. P. 12(e)

While "the filings of a *pro se* litigant are 'to be liberally construed,' … and 'a *pro se*

complaint, however inartfully pleaded, must be held to a less stringent standards than formal

pleading drafted by lawyers[],'" "[n]onetheless, '*pro se* litigants, like all other parties, must abide

by the Federal Rules of [] Procedure."[6] In addition, '*pro se* plaintiffs must still plead factual

allegations that raise the right to relief above the speculative level.'"[7]

LVNV filed the Motion under Federal Rule of Civil Procedure 12(e), seeking a more

definite statement of Lewis's claims.  Rule 12(e) provides that "a party may move for a more

definite statement of a pleading to which a responsive is allowed but which is so vague or

ambiguous that the party cannot reasonably prepare a response."[8] When evaluating a motion for a

more definite statement, the Court must assess the Complaint (here, the State of Claim and

Citation) in light of the minimal pleading requirements of Rule 8.[9]  Federal Rule of Civil Procedure

---

page "Notice of Opt Out," also directed to LVNV.  While several other laws are referenced in the Debt Validation letter, *e.g.*, The Truth in Lending Act, 15 U.S.C. § 1601 (R. Doc. 1-1, p. 11, vaguely referenced once), the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, (*id.* at pp. 21, 25 and which does not provide for a private cause of action, *see Jackson v. Standard Mortg. Corp.,* No. 18-927, 2019 WL 6769361, at *6 (W.D. La. Dec. 11, 2019), the "Ohio Code" (*see e.g., id.* at p. 16), and Uniform Commercial Code provisions (*see e.g., id.* at p. 16 referencing U.C.C. § 3-104 (definition of a negotiable instruments)), Lewis's allegations are for alleged violations of the FCRA and FDCPA. Lewis also references several statutes in Title 18 of the United States Code, which are federal crimes and do not provide Lewis with a private cause of action (*e.g.*, *id.* at pp. 10, 13 and *Gordon v. Greene,* No. 21-67, 2023 WL 2682123, at *18 (M.D. La. Mar. 29, 2023) ("A plaintiff does not generally have a private cause of action under a federal criminal statute.") (citations omitted).

[5] R. Doc. 1, ¶ 4; R. Doc. 4.

[6] *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019), citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) and *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

[7] *Coleman*, 912 F.3d at 828, citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

[8] *See also Beanel v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)").

[9] *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006); *see* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief").

8(a) requires the following: "The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."[10]  The Complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[11]  A Rule 12(e) motion may be appropriate "if a pleading fails to specify the allegations in a manner that provides sufficient notice."[12]  The trial judge is given considerable discretion in deciding whether to grant a Rule 12(e) motion.[13]

**B.  Lewis's Complaint Does Not Give LVNV Fair Notice of His FDCPA and FRCA Claims**

**<u>FDCPA</u>**

The FDCPA, 15 U.S.C. § 1692 *et seq.*, prohibits a debt collector, defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another,"[14] from using any false or misleading representations or unfair practices[15] (among other prohibitions) in connection

---

[10] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (emphasis added in *Lormand*).

[11] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citations omitted) (overruled in part on other grounds).

[12] *Id.* at 514.

[13] *Adams v. Southland Trace,* No. 07-941, 2012 WL 12986191, *5 (M.D. La. Feb. 29, 2012).

[14] 15 U.S.C. § 1692a(6). (emphasis added). This definition contains several exceptions. *See* 15 U.S.C. § 1692a(6)(A)-(F).

[15] *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt … the following conduct is a violation of this section: … (2) The false representation of – (A) the character, amount, or legal status of any debt; … (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; … (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…"). *See also* 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…").

with collecting or attempting to collect debt from a consumer.[16]  In order to prevail in a civil action brought under the FDCPA, the plaintiff must prove the following: "(1) that the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."[17]

Giving Lewis's February 15, 2023 letter to LVNV a generous interpretation because he is representing himself, Lewis has alleged that LVNV is a debt collector.[18] However, Lewis has failed to allege the other required elements of an FDCPA claim, explained above.  Lewis only generally refers to disputing a "debt," a "Promissory Note" and an "alleged loan," but fails to allege any specifics about the debt, including whether it is a "consumer debt,"[19] (although Lewis does allege that he is a consumer).[20] As to the fourth element, which is that LVNV violated one of the FDCPA's provisions, Lewis's February 15, 2023 letter and "Cease and Desist" Notice generally reference several FDCPA provisions setting forth acts or omissions prohibited by the FDCPA, for example, § 1692e, which prohibits false and misleading representations, and § 1692f, which

---

[16] 15 U.S.C. § 1692a(3) (defining "consumer" as any natural person obligated or allegedly obligated to pay any debt) and 15 U.S.C. § 1692(5) (defining "debt" as any obligation or alleged obligation of a consumer to pay money arising primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment).

[17] *McCoy v. SC Tiger Manor, LLC,* No. 19-723, 2022 WL 6845990, at *4 (M.D. La. Sept. 23, 2022), report and recommendation adopted, No. 19-723, 2022 WL 6785738 (M.D. La. Oct. 11, 2022), citing *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995).  *See also* 128 Am. Jur. Trials 243 *and see Jackson v. Bank of Am., N.A.*, No. 15-346, 2017 WL 1173933, at *2 (M.D. La. Mar. 28, 2017) ("In order to state a claim under the FDCPA, Jackson must allege that '(1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a 'debt collector' as defined by the Act, and (3) the defendant has engaged in an act or omission prohibited by the Act.'").  The FDCPA's prohibitions involve the following: (1) the time and manner of collection activity; (2) direct communication with consumers; (3) engaging in conduct resulting in harassment or abuse; (4) the use of false, deceptive, misleading representations and/or threats to take unavailable or unintended actions; and (5) the use of unfair or unconscionable means. 15 U.S.C. § 1692c-§1692f.

[18] *See* R. Doc. 1-1, p. 9 (alleging "I am requesting proof that I am indeed the party you are seeking to pay this alleged debt.") and p. 10 ("Pursuant to 15 USC 1692f Unfair Practices states a debt collector may not use unfair or unconscionable means to collect any debt. This also includes the attempt to sue or obtain a default judgement against me.").

[19] *See, e.g.,* R. Doc. 1-1, pp. 9, 16-17. While Lewis references "account #103888," and "account(s) listed: 406095," no other details of these accounts are provided.  R. Doc. 1-1, pp. 19, 25.

[20] R. Doc. 1-1, p. 8 ("Notice to all, I, am that I am, *the consumer in fact* […]") (emphasis added).  Lewis's notices of dispute, requests for "validation," requests for proof, threats, and interrogatories do not adequately describe his FDCPA claim.

prohibits unfair practices.[21]   However, Lewis's references to these provisions are threats and/or warnings by Lewis against LVNV for *potential* FDCPA violations by LVNV, or intended explanations of what Lewis says these provisions mean.[22]   Lewis also alludes to "unfair or unconscionable" conduct and "fraudulent actions," but fails to provide any information regarding the alleged conduct and/or actions.[23]   To the extent Lewis is claiming that LVNV has engaged in any FDCPA-prohibited practices, which is not clear, Lewis does not provide details regarding how LVNV engaged in prohibited acts. Lewis must provide sufficient details of his FDCPA claim so that LVNV has notice of what his claim is and can respond to it.

**FCRA**

The FCRA was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies.[24]   The FCRA applies to Credit Reporting Agencies ("CRAs") and furnishers of information to CRAs.[25]   In this case, Lewis specifically refers to 15 U.S.C. § 1681i, which applies to CRAs,[26] (and 15 U.S.C. 1681a(d)(2)(A)(i), addressed *below*).   To assert a claim under § 1681i, Lewis must establish the following: (1) that he disputed the completeness or accuracy of an item of information contained in his consumer credit file with the CRA and that he notified the CRA directly of that dispute; (2)

[21] R. Doc. 1-1, p. 10, 18-19 (referencing 15 U.S.C. § 1692c, § 1692e, and § 1692f).
[22] *See, e.g.,* R. Doc. 1-1, p. 10 ("I would also like to request, in writing, that your offices cease telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent…*it will be considered* harassment. Pursuant to 15 USC 1692f Unfair Practices states a debt collector may not use unfair or unconscionable means to collect any debt. This also includes the attempt to sue or obtain a default judgement against me. *All future communications* with me **MUST** be done in writing and sent to the address noted in this letter by USPS.") (italicized emphasis added) and p. 18 ("Pursuant to 15 USC 1692e(3) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt…*If you attempt* to have an attorney contact me, use an attorney or state that you're represented by an attorney, you are in direct violation of federal law.  Pursuant to 15 USC 1692e(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person…*If you attempt* to seize, repossess or sale any property in my possession, you are violating federal law.") (emphasis added).
[23] R. Doc. 1-1, pp. 10, 12.
[24] 15 U.S.C. § 1681, *et seq.*
[25] *McCoy,* 2022 WL 6845990, at *5 ("Although the FRCA primarily regulates the actions of consumer reporting agencies, Section 1681s-2 imposes responsibilities on furnishers of information to consumer reporting agencies. 15 U.S.C. § 1681s-2; *Shaunfield v. Experian Information Solutions, Inc.*, 991 F. Supp. 2d 786, 794 (N.D. Tex. 2014).").
[26] R. Doc. 1-1, pp. 9, 12.

the CRA did not reinvestigate free of charge, and either record the current status of the disputed information or delete the item from Lewis's file in the manner set forth by § 1681(a)(5) within the statutory period; (3) the CRA's noncompliance was negligent or willful; (4) Lewis suffered injury; (5) Lewis's injury was caused by the CRA's failure to reinvestigate and record the current status of the disputed information or delete the item from the file.[27]  Lewis does not specifically allege that LVNV is a CRA, or provide any specific information regarding a notification to an identified CRA of a dispute regarding his credit file, or any of the other elements above. Rather, Lewis only purports to require LVNV to "validate" a debt (which is a remedy provided by the FDCPA).[28]

Further liberally interpreting Lewis's Notice of Opt Out, it appears that he may also be attempting to assert a claim against LVNV as a furnisher of  information (although this is not clear).[29]  "The FCRA requires that 'furnishers of information … provide accurate information,' and imposes certain obligations or duties on the furnishers *upon notice of dispute*.[30] This notice is necessary to trigger the furnisher's duties to investigate and correct credit reports under Section 1681s-2(b) of the FCRA."[31]  This means that, to establish a claim under Section 1681s-2(b), the consumer must notify the CRA of a dispute, of which the CRA then notifies the furnisher of information. "If a CRA notifies a furnisher of credit information … that a consumer disputes the reported information, the furnisher must 'review all relevant information provided by the [CRA],' 'conduct an investigation,' 'report the results of the investigation,' and 'modify ... delete ... or ...

---

[27] *McCoy v. SC Tiger Manor, LLC,* 2022 WL 621000, at *7 (M.D. La. Feb. 11, 2022) report and recommendation adopted, No. 19-723, 2022 WL 619966 (M.D. La. Mar. 2, 2022)
[28] Validation of debts is provided for by the FDCPA, 15 U.S.C. § 1692g.
[29] *See* R. Doc. 1-1, p. 21(referring to LVNV's "furnishing" of information: "you are currently in violation of FEDERAL LAW for furnishing my personal, private and confidential information without my consent, as the consumer involved, onto my consumer credit report….").
[30] 15 U.S.C. § 1681s-2(b).
[31] *Schoch v. Wells Fargo Home Mortg.*, No. 4:16-CV-619-ALM-CAN, 2017 WL 2385626, at *3 (E.D. Tex. Apr. 11, 2017), report and recommendation adopted, No. 4:16-CV-619, 2017 WL 2312079 (E.D. Tex. May 26, 2017) (emphasis added).

permanently block the reporting of [inaccurate or incomplete] information.'"[32]  Lewis only vaguely demands "[d]eletion from all consumer reports," but has not alleged that he notified a CRA of a specific dispute regarding his credit file to trigger investigation by a furnisher, *i.e.*, LVNV.[33] Here, Lewis only generally disputes a debt,[34] and threatens LVNV with legal action for violation of the FCRA.[35]  Lewis must provide sufficient details of his FCRA claim so that LVNV has notice of what the claim is and can respond to it.

### C. Lewis Will Be Permitted to Amend His Complaint to Provide More Details of His FDCPA and FCRA Claims, if Possible

Because LVNV is unable to respond to Lewis's vague claims that seem to implicate the FCRA and FDCPA, Lewis will be given thirty days from the date of this Ruling and Order to file a comprehensive, amended complaint that provides details regarding his FDCPA and FCRA claims, *i.e.*, the "who, what, when, where, why, and how," as explained in this Ruling and Order.[36]  Alternatively, Lewis may file a motion to voluntarily dismiss this case.  If Lewis chooses to voluntarily dismiss his case, then his motion for dismissal should state that he asks the Court to dismiss all his claims against LVNV.

---

[32] *McCoy,* 2022 WL 6845990, at *5, citing *Jett v. Am. Home Mortg. Servicing, Inc.*, 614 Fed. Appx. 711, 713 (5th Cir. 2015) (quoting 15 U.S.C. § 1681s–2(b)(1)(A)-(E)).  *See also McCoy, id.* at *8 ("To recover under section 1681s-2(b), a Plaintiff must demonstrate that (1) she notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified the Defendant of the dispute; and (3) the Defendant failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation.' *Id.* (quoting *Bacharach v. SunTrust Mortg., Inc.*, No. 14-962, 2015 WL 1897653, at *3 (E.D. La. Apr. 27, 2015)).").

[33] R. 1-1, Doc. pp. 20, 24.  Lewis repeatedly demands that LVNV stop furnishing his consumer information to CRAs based on the statute that defines the term "consumer report" under the FCRA, and exclusions, 15 U.S.C. 1681a(d)(2)(A)(i). *See* R. Doc. 1-1, pp. 23, 25. This is incorrect. To assert a private cause of action under the FRCA under § 1681i and/or §1681s-2(b), Lewis must establish the elements explained, above.

[34] R. Doc. 1-1, p. 9.

[35] R. Doc. 1-1, p. 10 ("I will not hesitate in bringing legal action against LVNV FUNDING LLC for the following: […] Violation of the Fair Credit Reporting Act […]").

[36] *See Reedom,* 2010 WL 4875636 at *2 (granting motion for more definite statement and holding: "[The plaintiff] should 'briefly explain who, what, when, where, why, and how' regarding [the defendant's] alleged wrongdoings that led to [the plaintiff's] alleged loss.").

**D.  Lewis's Sovereign Citizen Allegations are Frivolous**

Lewis's filings also suggest that he may be attempting to have debts extinguished by claiming he is a sovereign citizen, as he attempts to challenge the debt by arguing that he was not loaned anything of value and/or that he is the creditor of the debt because he is American.[37]  Lewis also uses common sovereign citizen jargon, *e.g.*, referring to himself as "Lewis, JDai dba LEWIS, JDAI, the true party interest," and giving "notices" such as, "NOTICE TO AGENT IS NOTICE TO PRINCIPLE; NOTICE TO PRINCIPLE IS NOTICE TO AGENT."[38]

"So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens."[39] "They claim as grounds for this belief: the Uniform Commercial Code…And sovereign citizens often attempt to use their beliefs to, among other things, 'extinguish debts.'"[40]  "But sovereign citizen legal arguments and theories 'are not valid in the courts of the United States' and have been overwhelmingly rejected for years as frivolous and 'indisputably meritless.'"[41]  "Further, claims 'that seem to derive from the so-called 'sovereign[-]citizen movement' are legally frivolous."[42]  "It is common for sovereign citizens to utilize particular frivolous theories, such as … filing supposed UCC financing statements that exempt them from taxation by becoming a 'secured party' or 'secured creditor.'"[43]

---

[37] R. Doc. 1-1, pp. 15-16.

[38] R. Doc. 1-1, pp. 14, 21.

[39] *Kent-Shay Brown, Jr. v. Exeter Finance LLC & Brad Nall*, No. 21-169-, 2021 WL 4342336, at *5 (N.D. Tex. Aug. 27, 2021), report and recommendation adopted sub nom. *Brown v. Exeter Fin. LLC,* No. 21-169, 2021 WL 4319666 (N.D. Tex. Sept. 23, 2021), citing *Mack v. Sweet,* No. 17-434, 2017 WL 6756667, at *3-4 (N.D. Tex. Dec. 4, 2017), report and recommendation adopted, No. 17-434, 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017) (other citations omitted).

[40] *Brown*, 2021 WL 4342336, at *5, citing *Mack,* 2017 WL 6756667, at *3 (citing *Mason v. Anderson*, No. 15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016) and citing *Westfall v. Davis*, No. 18-23, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018).

[41] *Brown* at *id.,* citing *Mack*, 2017 WL 6756667, at *3-4; *see also, Watson v. Texas State University*, 829 Fed. Appx. 686, 686 (5th Cir. 2020).

[42] *Brown* at *id.*, citing *Davis v. FNU LNU*, No. 21-1605, 2021 WL 3353969, at *7 (N.D. Tex. July 13, 2021) (internal quotations omitted) (quoting *Westfall*, 2018 WL 2422058, at *2 (noting that "[s]overeign-citizen legal arguments ... are indisputably meritless")) and citing *Hughes v. Shannon*, No. 20-637, 2021 WL 1093110, at *5 (N.D. Tex. Mar. 2, 2021) and *United States v. Weast*, 811 F.3d 743, 746, n. 5 (5th Cir. 2016).

[43] *Mack*, 2017 WL 6756667, at *3.

However, "these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse."[44] Consequently, courts routinely dismiss sovereign citizen claims—like those that appear to be contained in Lewis's letters and notices—as frivolous and without merit.[45]

While Lewis will be granted leave to seek amendment in this case, he is specifically cautioned that merely re-alleging sovereign citizen-type statements, instead of stating adequate details regarding his alleged claims, will not satisfy Fed. R. Civ. P. 8 and will render his suit subject to dismissal.

## III.  CONCLUSION

Lewis fails to adequately allege the elements of his purported FDCPA and FCRA claims and these ambiguous, prevent LVNV from being able to reasonably respond to the claims. As such, Lewis will be allowed to file an amended Complaint that complies with this Ruling and Order.  Alternatively, Lewis can file a motion asking the Court to dismiss this case.

Accordingly,

**IT IS ORDERED** that the Motion for a More Definite Statement, filed by Defendant LVNV Funding, LLC,[46] is **GRANTED.**

**IT IS FURTHER ORDERED** that, on before **October 18, 2024**, Plaintiff JDai Zamir Lewis may file an amended complaint that provides adequate details of his claims.  Alternatively, Lewis may file a motion asking the Court to voluntarily dismiss this case.

---

[44] *Brown* at *id.,* citing *Mack*, 2017 WL 6756667, at *3 (citing *Mason*, 2016 WL 4398680, at *2).

[45] *Brown* at *id.*, citing *Davis*, 2021 WL 3353969, at *7; *Westfall*, 2018 WL 2422058, at *2; *Berman v. Stephens*, No. 14-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases); and *Mack,* 2017 WL 6756667, at *4 (recommending dismissal of sovereign citizen claims as frivolous because "[s]overeign citizen legal theories are not valid in the courts of the United States….").

[46] R. Doc. 4.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Order on Plaintiff JDai Zamir Lewis by regular and by certified mail, return receipt requested at his address listed on PACER, 1143 North Sabine Drive, Baton Rouge, Louisiana, 70810.

**Plaintiff JDai Zamir Lewis is advised that, if he does not timely file an amended complaint that addresses the deficiencies explained in this Ruling and Order, this case may be dismissed without further notice.**

Signed in Baton Rouge, Louisiana on September 24, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**