UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JDAI ZAMIR LEWIS                                  CIVIL ACTION

VERSUS

                                                                         NO. 24-322-JWD-EWD

LVNV FUNDING, LLC

**ORDER AND JUDGMENT OF DISMISSAL**

On September 24, 2024, this Court granted the unopposed Motion for a More Definite Statement, filed by Defendant LVNV Funding, LLC ("LVNV"), and ordered Plaintiff JDai Zamir Lewis ("Lewis") to file a comprehensive, amended complaint that provides details regarding his FDCPA and FCRA claims on or before October 18, 2024. Alternatively, Lewis was given the option to file a motion to voluntarily dismiss this case.[1] Lewis has not responded to the September 24, 2024 Order, which was sent to him by regular and certified mail.[2]

Lewis has not complied with the Court's September 24, 2024 Order and has failed to prosecute this case, which has been pending in this Court for over a year.[3] In fact, no action has been taken in this case since the Court issued its September 24, 2024 Order. Federal Rule of Civil Procedure 41(b) allows the Court to dismiss Lewis's lawsuit under these facts:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

---

[1] R. Doc. 5. Documents in the Court record are referred to as "R. Doc. __."

[2] The certified mail was returned undeliverable to the address Lewis provided on the Statement of Claim and Citation that started this case in state court. *See* R. Doc. 1-1, p. 4; R. Doc. 6.

[3] The Notice of Removal was filed on April 24, 2024. R. Doc. 1.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[4] Lewis was specifically told that the case could be dismissed without further notice if he failed to file an amended complaint addressing the deficiencies explained in the Court's September 24, 2024 Order.[5] Because Lewis has failed to comply with the Court's Order and has failed to prosecute his claims, this case will be dismissed without prejudice under Federal Rule of Civil Procedure 41(b).

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that all claims of JDai Zamir Lewis are **HEREBY DISMISSED WITHOUT PREJUDICE** for failure to follow court orders.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TERMINATE** this case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Order and Judgment of Dismissal on Plaintiff JDai Zamir Lewis by regular and by certified mail, return receipt requested, at his address listed on PACER, 1143 North Sabine Drive, Baton Rouge, Louisiana, 70810.

Signed in Baton Rouge, Louisiana on May 5, 2025.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss on its own motion, with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."), citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

[5] R. Doc. 5, p. 10.